IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CIVIL ACTION NO. 22-CV-4839 |
| DERRICK J. ELLERBE | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                          **DECEMBER 12, 2022**

Derrick J. Ellerbe, a frequent *pro se* litigant who has been the subject of prior pre-filing injunction orders, filed a new Complaint using the Court's preprinted form. He does not name a defendant. He asserts he has been filing cases "in state and federal courts, to no avail." (Compl. (ECF No. 2) at 4.[1]) He cites the Due Process, Equal Protection, and Involuntary Servitude/Slavery clauses of the Constitution and two federal statutes. Ellerbe also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.      BACKGROUND AND FACTUAL ALLEGATIONS**

The Court initially notes that Ellerbe is the subject of prefiling injunction orders, the most recent of which was entered in *In re Derrick J. Ellerbe*, Civ. No. 21-3807 (ECF No. 4).[2] In an Order filed on September 20, 2021, an injunction was entered empowering the Clerk of Court without leave of Court to refuse to accept for filing under Federal Rule of Civil Procedure 5(d)(4) "any additional pleadings, except a notice of appeal, in this civil action or any new civil

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] In a case filed the same day, *Ellerbe v. The U.S. Government*, Civ. No. 21-3806 (E.D. Pa.), allegations that Ellerbe was kidnapped outside his home in Philadelphia on April 12, 2013 were dismissed as frivolous and Ellerbe was again enjoined from filing additional pleadings raising the same claims. (*Id.*, ECF No. 4.)

action received from Derrick J. Ellerbe that falls within the scope of the Court's September 19, 2020 Order entered in Civ. A. No. 20-211. . .". The Order also provided that, "[if] Ellerbe submits any paper to the Clerk of Court that falls within the scope of [the injunction] the Clerk of Court is **DIRECTED** to return the paper to him with a copy of this Order and the Court's September 19, 2020 Order entered in Civ. A. No. 20-211 (ECF No. 6)." *Id*. at 1-2 (emphasis in original). Thereafter, the United States Court of Appeal for the Third Circuit denied Ellerbe's petition for writ of mandamus. (*See id*., ECF No. 5.)

The September 19, 2020 Order entered in *Ellerbe v. The President of the U.S., et al.*, Civ. No. 20-211, provided that Ellerbe was enjoined from filing any specified future action without leave of court. (*Id*., ECF No. 6.) The September 19 Order was entered after Ellerbe failed to respond to an Order (*id*., ECF No. 5) previously entered in the case directing him to show cause why he should not be enjoined from filing "any future actions concerning the identical, untimely allegations raised in that case and at least six prior cases alleging he was followed, harassed, kidnapped, or held captive by governmental agents or entities." (*Id*.) The United States Court of Appeal for the Third Circuit also denied a petition for writ of mandamus filed by Ellerbe in that case. (*See id*., ECF No. 7.) The effect of the two orders entered by this Court was to authorize the Clerk of Court to refuse to accept for filing any new case Ellerbe submitted that raised the same claims as those already adjudicated against him.

Ellerbe is also required to show cause why another broader prefiling injunction should not be entered against him in *Ellerbe v. United States Department of Justice*, No. 22-4514. That case, in which he named Judge Timothy J. Savage of this Court, and again named officials of the United States alleging that they refused to talk to him or write him a letter, was dismissed in part

2

as frivolous and in part for lack of jurisdiction. He must respond to that Order to Show Cause no later than December 23, 2022. (*Id.*, ECF No. 6.)

In his new Complaint, Ellerbe alleges that he is homeless and is not secure in his surroundings. (Compl. at 4.) He claims he is not allowed to investigate the "services of law enforcement," he has lost "all rights to police powers," and has to fight for his life "with no help from the Judiciary nor the legislative powers of government." (*Id.*) He contends he is not allowed to report crimes, make phone calls, use public computers without being monitored and harassed because computers "freeze the send button or prompt when I am trying to contact the Executive, Judicial or legislative branches of government." (*Id.*) He also asserts he has been unable to obtain counsel or contact the ACLU for help. (*Id.*) He alleges he has lost all of his constitutional rights, been forced into homelessness, kidnapped, tortured, and held captive, and been denied medical treatment by doctors causing him to become legally blind. (*Id.* at 5.) He asks that numerous Federal officials be immediately notified and seeks various other forms of declarative relief.

## II.     STANDARD OF REVIEW

Ellerbe is granted leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Section 1915(e)(2)(B)(i) requires the Court to dismiss a claim that is frivolous or malicious. A complaint

is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also id.* at 327 (stating that the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," and that § 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]"). A claim is malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ellerbe is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

While Ellerbe does not list any defendants in the caption of his Complaint, since he asks for declarative relief against federal officials, the Court will assume for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) that Ellerbe intended to name these persons as the Defendants. Even so construing Ellerbe's allegations liberally, his Complaint must be dismissed as frivolous or malicious. As the Court noted, Ellerbe has repeatedly attempted to bring frivolous claims against government officials claiming he was kidnapped, tortured, held captive, or otherwise harassed. These claims have been dismissed and Ellerbe has been enjoined

4

from brining the same claims in new cases. Although not clear, this may be the basis for his allegation that he gets no help from the Judiciary nor the legislative powers of government. His repeated allegations here that he has been kidnapped, tortured, held captive, and harassed by government officials has already been dismissed with prejudice on numerous occasions as frivolous or malicious and are again dismissed for this reason.

Ellerbe is reminded that he is under an obligation to show cause why an Order should not be entered empowering the Clerk of Court to refuse to accept for filing any further pleadings in which Ellerbe mentions in any way or seeks to bring a claim related to or involving either in whole or in part, any claim against any government, governmental agency, or governmental official that he was followed, harassed, kidnapped or held captive by agents, officers or officials of the United States, the Commonwealth of Pennsylvania, or other governments, governmental entities, or governmental officials, regardless of the nature of the claim or the relief Ellerbe seeks in such action.

An Order follows dismissing this case as frivolous.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

_____
**MICHAEL M. BAYLSON, J.**